# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00740-CR

**Armando Ochoa, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
### NO. D-1-DC-14-202835, THE HONORABLE KAREN SAGE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Armando Ochoa was convicted by a jury of the felony offense of family violence assault. *See* Tex. Penal Code § 22.01(a)(1), (b)(2)(A). Pursuant to the repeat-offender provision of the Penal Code, the trial court assessed appellant's punishment at confinement in the Texas Department of Criminal Justice for 14 years. *See id.* § 12.42(a).

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has certified to this Court that he sent copies of the motion and brief to appellant, advised appellant of his right to examine the appellate record and file a pro se response, and provided a motion to assist appellant in obtaining the record. *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *see also Anders*, 386 U.S. at 744. To date, appellant has not filed a pro se response or requested an extension of time to file a response.

We have conducted an independent review of the record—including the record of the proceedings below and appellate counsel's brief—and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. Counsel's motion to withdraw is granted.

On review of the record, however, we observe that the written judgment of conviction in this case contains a clerical error. The judgment of conviction states that the "Statute for Offense" is "21.01(b)(2)(A) Penal Code." The applicable statutory provisions for the offense as alleged in the indictment here, however, also include subsection (a)(1) of section 21.01 of the Penal Code. This Court has authority to modify incorrect judgments when the necessary information is available to do so. *See* Tex. R. App. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). Accordingly, we modify the judgment to reflect that the "Statute for Offense" is "21.01(a)(1), (b)(2)(A) Penal Code."

As so modified, the trial court's judgment of conviction is affirmed.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Modified and, as Modified, Affirmed

Filed:   August 20, 2015

Do Not Publish

3